**Alberto G. DIAZ, Petitioner–Appellant,**

v.

**Alberto R. GONZALES,* Attorney General; et al., Respondents–Appellees.**

No. 04–16923.

D.C. No. CV–04–00318–RCJ.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.**

Decided May 13, 2005.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Janalee M. Murray, Las Vegas, NV, for Petitioner–Appellant.

Carlos A. Gonzalez, Asst. U.S. Atty., USLV—Office of the U.S. Attorney, Las Vegas, NV, for Respondents–Appellees.

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

### MEMORANDUM***

Alberto G. Diaz appeals the district court's order granting the government's motion to dismiss his 28 U.S.C. § 2241 petition. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Diaz contends that the district court erroneously dismissed his petition because it believed he was improperly challenging his prior deportation order. An alien may collaterally attack his prior deportation order in a § 2241 petition if he demonstrates that he was denied due process at the prior deportation hearing. *See Arreola–Arreola v. Ashcroft,* 383 F.3d 956, 963–64 (9th Cir.2004).

Diaz's only contention as to why he was denied due process at his prior deportation hearing is that the Immigration Judge ("IJ") neglected to inform him about the availability of relief under § 212(c) of the Immigration and Nationality Act. However, at the time of Diaz's deportation hearing, he was a lawful permanent resident for just over four years, three years short of the required seven years. *See* I.N.A. § 212(c) (1994). Therefore, because he was ineligible for § 212(c) relief, there was no due process violation. *See Alvarenga–Villalobos v. Ashcroft,* 271 F.3d 1169, 1170, 1172 (9th Cir.2001).

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

